1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAGEN INVESTMENTS LLC, | ) | Case No. 2:13-cv-00868-GMN-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER DENYING MOTION FOR |
| v. | ) | ENTRY OF DEFAULT JUDGMENT |
| | ) | |
| CANNON FINANCIAL INSTITUTE, INC., | ) | |
| | ) | (Docket No. 40) |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is Plaintiff's motion for entry of default judgment against Defendants Gary V. Powell and CenterG, Inc. ("Defendants"). Docket No. 40. The Court finds the motion properly resolved without oral argument. Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

**I.     PERSONAL JURISDICTION**

The Court's personal jurisdiction over a defendant is generally a waivable defense that the Court does not raise *sua sponte*. *See* Fed. R. Civ. P. 12(h)(1). Nonetheless, "[w]hen entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, after giving the plaintiff notice and an opportunity to assert jurisdictional facts, the Court may dismiss an action for lack of personal jurisdiction. *See id.* at 712-13. The pending motion for default judgment does not address the constitutionality of the Court's exercise of personal jurisdiction over Defendants.

1      The pending motion seeks entry of default judgment against Defendants, who are both alleged

2 to be citizens of North Carolina. *See* First Amended Complaint ("FAC") ¶¶ 19-20. Plaintiff is a Nevada

3 citizen. *Id.* at ¶ 17. The FAC further alleges that Defendants willfully copied copyrighted material "from

4 a source emanating from Nevada." *Id.* at ¶¶ 25-26.  The FAC also alleges that Defendants knew or

5 should have known that the copyrighted material was originally published by a Nevada entity and is of

6 a specific interest to Plaintiff. *Id.* at ¶¶ 39-42.  Similarly, the FAC alleges that Defendants purposefully

7 directed and expressly aimed their infringing activities at Plaintiff in Nevada. *Id.* at 49-52.

8      It is not clear to the Court at this juncture that a sufficient factual showing on personal

9 jurisdiction has been made.  For example, in determining whether a defendant "expressly aimed" his

10 intentional act to the forum state, the defendant's knowledge is key.  Recently, the Ninth Circuit found

11 such knowledge sufficiently established for willful copyright infringement where the parties had a long-

12 standing business relationship and the plaintiff had sent cease-and-desist letters to the defendant from

13 the forum state. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671, 678 (9th Cir.

14 2012).  The Ninth Circuit distinguished previous cases finding an insufficient showing of knowledge,

15 such as *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).  In *Schwarzenegger*,

16 an Ohio company's use of the actor's likeness was found to be insufficient to show express aiming even

17 though the defendant may have foreseen that any harm would befall the plaintiff in California. 374 F.3d

18 at 800; *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (finding no express

19 aiming where the acts in question may have made it foreseeable that harm would be felt in the forum

20 state, but did not rise to the level of knowledge); *808 Holdings LLC v. Collective of January 3, 2012*

21 *Sharing Hash*, 2013 WL 1390384, *5-6 (C.D. Cal. Apr. 3, 2013) (finding no express aiming for

22 copyright infringement despite, *inter alia*, fact that the copyrighted video contained a watermark with

23 the plaintiff's information or a notice apprising viewers of the plaintiff's address).

24      At this time, the Court will not resolve the personal jurisdiction issue.  Instead, the Court will

25 **DENY** without prejudice the pending motion for entry of default judgment.  Plaintiff may renew its

26 motion for default judgment by asserting jurisdictional facts and providing legal argument regarding the

27 ability of the Court to exercise personal jurisdiction over Defendants.

28

## II.     DAMAGES

Plaintiff also asserts that it is proper to enter default judgment against Defendants without a determination of the amount of damages sustained.  *See* Docket No. 40 at 7.  While Plaintiff argues that it has sustained "a substantial amount of damages," it requests entry of judgment as to liability only with permission to conduct post-judgment discovery to establish the amount of damages.  *See id.* at 7-8 (requesting depositions, requests for production, and interrogatories).  Plaintiff asserts that such a procedure is proper based on *Skinvisible Pharmaceuticals, Inc. v. Sunless Beauty, Ltd.*, 2012 U.S. Dist. Lexis 49311, *3 (D. Nev. Apr. 6, 2012).  In that case, however, the court allowed a later determination of damages because the case would remain pending against the other defendants.  *Id.*  That does not appear to be the present situation in this case.  *See* Docket No. 43 (clerk's judgment against Cannon Financial Institute).  Accordingly, any renewed motion shall more fully explain why it would be proper in this case to enter default judgment as to liability only without a determination of the amount of damages sustained.

## III.     CONCLUSION

For the reasons discussed more fully above, the motion for entry of default judgment is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 30, 2014

_____
Nancy J. Koppe
United States Magistrate Judge