UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAGEN INVESTMENTS LLC,<br><br>　　　　　　Plaintiff(s),<br><br>v.<br><br>CANNON FINANCIAL INSTITUTE, INC.,<br><br>　　　　　　Defendant(s). | Case No. 2:13-cv-00868-GMN-NJK<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Pending before the Court is Plaintiff's renewed motion for entry of default judgment against Defendants Gary V. Powell and CenterG, Inc. ("Defendants"). Docket No. 50. The Court held a hearing on the motion on October 27, 2014. Docket No. 52. For the reasons discussed more fully below, Plaintiff is hereby **ORDERED** to file, no later than November 5, 2014, a supplemental brief of no more than five pages. Plaintiff may also submit at that time an affidavit attesting to additional facts establishing personal jurisdiction.

**I.   STANDARDS**

The Court's personal jurisdiction over a defendant is generally a waivable defense that the Court does not raise *sua sponte*. *See* Fed. R. Civ. P. 12(h)(1). Nonetheless, "[w]hen entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, after giving the plaintiff notice and an opportunity to assert jurisdictional facts, the Court may dismiss an action for lack of personal jurisdiction. *See id.* at 712-13.

The plaintiff bears the burden of showing that a defendant is subject to the forum court's jurisdiction, which can be satisfied through a prima facie showing. *See, e.g.*, *High Tech Pet Prods., Inc. v. Juxin Pet Prod. Co.*, 2013 WL 1281619, *4 (E.D. Cal. Mar. 27, 2013). "To establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility, but rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Heirdorn v. BBD Marketing & Mgmt. Co.*, 2013 WL 6571629, *7 (N.D. Cal. Aug. 19, 2013) (internal alterations and citation omitted). Although the Court must generally accept as true factual allegations in the complaint, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007); *see also DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012).

## II.     ANALYSIS

In the context of this case, to establish personal jurisdiction Plaintiff must show that, *inter alia*, Defendants expressly aimed their conduct at the forum state. *See, e.g.*, *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012). Chief United States District Judge Gloria M. Navarro recently addressed the relevant standards for this inquiry:

> "Express aiming" at the forum state includes the requirement of "something more" than simply "the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." "[T]he 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'"

*Boyd Gaming Corp. v. B Hotel Group, LLC*, 2014 WL 643790, *3 (D. Nev. Feb. 18, 2014) (quoting *Washington Shoe*, 704 F.3d at 675). Chief Judge Navarro further indicated that "the key question is as to the sufficiency of the evidence showing the defendant's knowledge that the impact of its acts would be felt in the forum." *Id.* at *4.

In the briefing before the Court, Plaintiff relies only on its conclusory allegations. *See* Docket No. 50 at 6. For example, Plaintiff alleges that Defendants "knew, or should have known, that the copyrighted material was originally published by a Nevada entity." Docket No. 16 at ¶¶ 39-40. Other courts have rejected similar allegations in reviewing motions for default judgment. For example, the

Ninth Circuit rejected as ill-pled legal conclusions the allegations that defendants "knowingly manufactured, assembled, sold, distributed, or modified an electronic, mechanical or other device or equipment knowing, or having reasons to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite programming, or direct-to-home services, or is intended for any other prohibited activity." *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).[1] The Ninth Circuit rejected those allegations because "allegations that parrot the language [of the relevant standard] . . . are not well-pleaded facts; they are simply [the plaintiff's] legal conclusions, which [the defendants] are not held to have admitted through default." *Id.*; *see also High Tech Pet Products*, 2013 WL 1281619, at *4 (rejecting allegations that the defendants "transact business throughout the United States" and maintain "interactive websites"). The allegations relied upon by Plaintiff are no less conclusory.

Moreover, Plaintiff's reliance on the *Righthaven* case law is not persuasive at this time. Plaintiff correctly notes that those decisions held that purposeful direction exists where a defendant "willfully infringed copyrights owned by the plaintiff, which, as the defendant knew, had its principal place of business in the forum." *See Righthaven, LLC v. Virginia Citizens Defense League, Inc.*, 2011 WL 2550627, *4 (D. Nev. June 23, 2011) (Navarro, C.J.) (citing *Righthaven LLC v. South Coast Partners, Inc.*, 2011 WL 534046, *4 (D. Nev. Feb. 8, 2011) (internal alterations omitted)). In those cases, however, the finding of personal jurisdiction was premised on the existence of a basis on which to impute knowledge to the defendants that the plaintiff was located in the forum; namely, that it is common knowledge that the Las Vegas Review Journal is published and distributed in Nevada. *See Virginia Citizens,* 2011 WL 2550627, at *4; *Righthaven, LLC v. Majorwager.com*, 2010 WL 4386499, *3 (D. Nev. Oct. 28, 2010) (Navarro, C.J.); *Righthaven, LLC v. Industrial Wind Action, Corp.*, 2010 WL 3829411, *1 (D. Nev. Sept. 24, 2010); *Righthaven, LLC v. Dr. Shezad Malik Law Firm P.C.*, 2010 WL

---

[1] The Ninth Circuit has repeatedly rejected bare allegations of "knowledge" in the motion to dismiss context. *See, e.g.*, *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (rejecting as "plainly insufficient" conclusory allegations that the defendants had the required "knowledge of infringement"); *Krainski v. Nevada*, 616 F.3d 963, 969 (9th Cir. 2010) (rejecting as conclusory allegation that officers "knew, or should have known, that allegations [made against the Plaintiff] were false").

1  3522372, *1 (D. Nev. Sept. 2, 2010);[2] *see also Amini Innovation Corp. v. Cosmos Furniture, Ltd.*, 91 U.S.P.Q.2d 1150, *3 (C.D. Cal. 2009) (analyzing the plaintiff's extensive advertising displaying the plaintiff's California address, coupled with the defendant's briefing that did not deny it knew the plaintiff was located in California).[3]  Hence, the cases on which Plaintiff relies include a basis (beyond a general allegation of "knowledge") to conclude that the Defendant actually knew the Plaintiff resided in the forum and would be harmed in the forum.

Standing alone, the conclusory allegations on which Plaintiff currently relies are insufficient for the reasons discussed above.  The Court generally does not make arguments for parties.  *See, e.g.*, *Allstate Ins. Co. v. Balle*, 2014 WL 279651, *2 n.4 (D. Nev. Jan. 22, 2014).  The Court notes, however, that the copyrighted work itself includes on its cover page Plaintiff's address in Henderson, Nevada.  *See* Docket No. 16-1.  The Court may generally consider exhibits attached to the complaint.  *See Swartz*, 476 F.3d at 762.  Plaintiff shall brief whether and how the existence of its address on the copyrighted work is sufficient to meet the standards outlined above (*i.e.*, whether the Court can impute knowledge based on that fact).  Plaintiff may also submit an affidavit at that time attesting to additional facts establishing personal jurisdiction.

IT IS SO ORDERED.

DATED: October 29, 2014

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff relies significantly on Judge Hicks' decision in *South Coast Partner*, in which he indicated that the defendants had "knowledge that the copying of a Las Vegas Review Journal article would produce harm in Nevada."  *See* 2011 WL 534046, at *4.  Judge Hicks did not specify the basis for that finding, and it appears to be based on the same "common knowledge" that the other *Righthaven* cases relied upon in imputing knowledge.  Indeed, Judge Hicks stated elsewhere that a plaintiff "cannot simply rest on the bare allegations of its complaint."  *See id.* at 1.

[3] The Court finds inapposite Plaintiff's allegation that the "Infringement" was of specific interest to Nevada residents, including Jagen.  *See* Docket No. 16 at ¶¶ 41-42.  The relevant cases did not analyze whether the *infringement* was of specific interest to the resident copyright holder, but rather whether the *content of the allegedly infringed material* was of specific interest to Nevada residents.  *See South Coast Partners*, 2011 WL 534046, at *4; *see also Virginia Citizens,* 2011 WL 2550627, at *4.