UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAGEN INVESTMENTS LLC,<br><br>            Plaintiff(s),<br><br>v.<br><br>CANNON FINANCIAL INSTITUTE, INC.,<br><br>            Defendant(s). | Case No. 2:13-cv-00868-GMN-NJK<br><br>ORDER<br><br>(Docket No. 63) |

Pending before the Court is Plaintiff's renewed motion for entry of default judgment against Defendant CenterG, Inc. ("Defendant"). Docket No. 63. Prior to entering default judgment, the Court has a duty to ensure that it has a proper basis for exercising personal jurisdiction over the absent defendants. *See Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff's motion does not address the impact of the Supreme Court's decision in *Walden v. Fiore*, 134 S.Ct. 1115 (U.S. Feb. 25, 2014) on its analysis of personal jurisdiction. In that case, two professional gamblers were stopped at the airport in Georgia regarding a large amount of money in their possession and that money was seized before the travelers boarded their airplane to Las Vegas, Nevada. *See id.* at 1119. Thereafter, a DEA agent in Georgia alleged drafted a false affidavit to show probable cause for forfeiture of those funds. *See id.* at 1119-20. The Supreme Court ruled unanimously that personal jurisdiction was lacking in Nevada over that DEA agent, concluding that it would be improper to premise personal jurisdiction on defendant's allegedly directing his conduct at plaintiff whom he knew had connections to Nevada. *See id.* at 1125. Some courts within this Circuit have found that *Fiore* cannot be squared with prior Ninth

Circuit authority regarding "purposeful direction" in the context of willful infringement. *See, e.g.*, *Erickson v. Nebraska Machinery Company*, 2015 WL 4089849, *3 (N.D. Cal. July 6, 2015) (noting split of authority among district courts, but concluding that *Walden* overrides *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672 (9th Cir. 2012)).[1]

Because the pending motion fails to address *Walden* and any impact it may have on the Court's personal jurisdiction analysis, the Court hereby ORDERS Plaintiff to submit a supplemental brief no later than April 18, 2016.

IT IS SO ORDERED.

DATED: April 11, 2016

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to the impact of *Walden* on the instant motion.