**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAGEN INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cv-00868-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| CANNON FINANCIAL INSTITUTE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Report and Recommendation, (ECF No. 70), entered by the Honorable Magistrate Judge Nancy J. Koppe denying Plaintiff Jagen Investments LLC's ("Plaintiff's") Second Motion for Default Judgment, (ECF No. 63), against Defendant CenterG ("Defendant"). Plaintiff timely filed its Objection, (ECF No. 71).

## I.     BACKGROUND

Plaintiff owns a copyright in the literary work entitled "Advanced Estate Planning with Alternative Investments." (First Am. Compl. ("FAC") ¶¶ 24, ECF No. 16). On May 17, 2013, Plaintiff filed this case against numerous Defendants alleging that the copyrighted work was copied, displayed, and distributed without Plaintiff's permission. (*Id.* ¶¶ 66–104).

On September 6, 2013, Defendant was served with the Complaint but never answered, (ECF No. 26). The Clerk entered default against Defendant on October 23, 2013, and on April 7, 2016, Plaintiff filed its Second Motion for Default Judgment against Defendant. (Mot. for Default J., ECF No. 63).

On June 27, 2016, Judge Koppe recommended that Plaintiff's Motion be denied for lack of personal jurisdiction over Defendant and therefore recommended dismissing the claims against Defendant. (*Id.*). Plaintiff filed its Objections on July 11, 2016, (ECF No. 71).

Page 1 of 3

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.   DISCUSSION

Plaintiff's Objection asserts that the Report and Recommendation "does not provide sufficient guidance as to the standard for evaluating personal jurisdiction based upon specific jurisdiction in the copyright infringement context." (Mot. for Default J. 2:8–10).  Specifically, Plaintiff takes issue with the fact that "[p]otential copyright owners are left with tremendous uncertainty over what the standard for personal jurisdiction presently [is] based upon the R&R." (*Id.* 2:15-16).  Plaintiff continues "if *Walden* erodes *Washington Shoe*, that begs the question of to what extent, how, and what is the replacement standard." (*Id.* 3:17-18); *see Walden v. Fiore*, 571 U.S. 277 (2014); *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012).

However, as stated in the Report and Recommendation, the Supreme Court expressly left open in *Walden* the application of its reasoning to decide "whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State." *Walden v. Fiore*, 571 U.S. 277, 290 n. 9 (2014).  This statement in itself recognizes that the holding affects other topics with personal jurisdiction, such as the copyright scenario.  Moreover, since the Report and Recommendation has been pending, the Ninth Circuit decided the copyright case of *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017), where it clarified that "[i]n light of the Court's instructions in *Walden*, mere satisfaction of the test

outlined in *Washington Shoe*, without more, is insufficient to comply with due process." 874 F.3d at 1070. Accordingly, the Court agrees with Judge Koppe's Report and Recommendation in applying *Walden* as overriding *Washington Shoe*, and holds that the Court cannot exercise personal jurisdiction over Defendant.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 70), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 63), is **DENIED**.

**IT IS FURTHER ORDERED** that the claims against Defendant CenterG are **DISMISSED** for lack of personal jurisdiction.

**DATED** this __11__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court